## S93A1336. BOSEMAN v. THE STATE.
### (438 SE2d 626)

SEARS-COLLINS, Justice.

The appellant, Charles Boseman, has been indicted for murder and the state is seeking the death penalty. This appeal stems from the trial court's denial of Boseman's motion to dismiss for failure to provide him a speedy trial as guaranteed by Art. I, Sec. I, Par. XI (a) of the 1983 Georgia Constitution and by the Sixth Amendment of the Constitution of the United States.[1] We affirm.

Boseman was arrested on December 22, 1990. A preliminary hearing was held on January 7, 1991, and he was bound over to the superior court. He was indicted on March 12, 1991, and on March 13, 1991, the state notified Boseman of its intent to seek the death penalty. The first Unified Appeal hearing was held on May 9, 1991. On June 20, 1991, Boseman was arraigned and pled not guilty. On that

---

[1] Although interlocutory, the order denying Boseman's motion to dismiss was directly appealable. See *Hubbard v. State,* 254 Ga. 694 (333 SE2d 827) (1985).

same date, Boseman also filed various motions. On November 18, 1991, the court held a motions hearing. The court heard Boseman's motion challenging the grand and petit juries but, at Boseman's request, delayed hearing his motion to suppress. On December 18, 1991, the court denied Boseman's motion challenging the grand and petit juries. The court heard Boseman's motion to suppress on January 2 and February 19, 1992; Boseman and the State filed supplemental briefs regarding that motion on May 29, 1992, and June 1, 1992, respectively. The court denied Boseman's motion to suppress on August 10, 1992.

The second and final Unified Appeal hearing was scheduled for December 16, 1992, but it had to be rescheduled due to a medical emergency in the family of the assistant district attorney assigned to the case. The trial court held the rescheduled hearing February 2, 1993.

On March 4, 1993, Boseman moved to dismiss his indictment on the ground he had been denied his constitutional right to a speedy trial. At the time he filed his motion to dismiss, Boseman had been in custody, awaiting trial, for 27 months. The trial court denied the motion and this appeal followed.

1. "A speedy trial is guaranteed an accused by the Sixth Amendment . . . to the Constitution of the United States, and also Article I of the Constitution of this State [now Art. I, Sec. I, Par. XI (a) of the 1983 Ga. Constitution]." *Powell v. State*, 143 Ga. App. 684, 685 (1) (239 SE2d 560) (1977). These rights attach at the time of arrest or when formal charges are brought, whichever is earlier. *Haisman v. State*, 242 Ga. 896, 897 (252 SE2d 397) (1979). In this case, Boseman's right to a speedy trial attached on the date of his arrest, December 22, 1990, and Boseman's sole contention on appeal is that the State's failure to try him in the 27 months between his arrest and the date he filed his motion to dismiss denied him his constitutional right to a speedy trial.

In *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated. . . . (a) [t]he length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. 407 U. S. at 530. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of the prosecution and the defendant.

*Washington v. State*, 243 Ga. 329, 330 (1) (253 SE2d 719) (1979). As to the prejudice factor, there are

> three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

Id. at 331. We apply these criteria to the facts of this case.

(a) *Length of delay.* This factor actually figures into the speedy trial analysis in two respects. First, a court must determine whether the delay

> has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, [the accused] cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness.

*Doggett v. United States*, ___ U. S. ___ (112 SC 2686, 2690, 120 LE2d 520) (1992). If the delay passes this threshold test of "presumptive prejudice," then the *Barker* inquiry is triggered. The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis, with "the presumption that pretrial delay has prejudiced the accused intensif[ying] over time." *Doggett*, 112 SC at 2691. Accord *Hakeem v. Beyer*, 990 F2d 750, 759-760 (3rd Cir. 1993). However, the presumptive prejudice arising from delay "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett*, 112 SC at 2693. Instead, "it is part of the mix of relevant facts, and its importance increases with the length of delay." Id.

In this case, 27 months unquestionably is a long period to delay the prosecution of a case and raises a threshold presumption of prejudice. See *Doggett*, 112 SC at 2691, n. 1 (as the delay approaches one year it generally is "presumptively prejudicial"). We therefore must analyze the other *Barker* factors to determine if Boseman was denied his constitutional right to a speedy trial.

(b) *Reason for delay.* At the outset, we note that nowhere in the record does it show that the State has deliberately attempted to delay the trial in order to hamper the defense, a serious abuse that would be weighted against the State. See *Barker*, 407 U. S. at 531.

Moreover, the record shows that one minor delay was attributable to a medical emergency in the family of the assistant district attorney assigned to the case, and that another minor delay was attributable to Boseman's request to delay the hearing on his motion to

suppress.

The State asserts that part of the first 18 months of the delay was attributable to its desire to wait for several significant appellate court decisions on victim impact evidence before trying this case. See *Payne v. Tennessee*, ____ U. S. ____ (111 SC 2597, 115 LE2d 720) (1991), and *Sermons v. State*, 262 Ga. 286 (417 SE2d 144) (1992).

Finally, there is no explanation in the record for some of the delay, as, for instance, with regard to the several months of delay between the summer of 1992 and the hearing scheduled for December 1992. Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial. See LaFave and Israel, Criminal Procedure, Vol. 2, p. 407, § 18.2 (1984).

In summary, the delay in some part must be attributed to the negligence of the State in bringing the case to trial, and this reason for delay weighs against the State. *Barker*, 407 U. S. at 531.

(c) *Defendant's Assertion of His Right to Speedy Trial.* Boseman admits that he did not assert either his statutory, see OCGA § 17-7-171, or constitutional right to a speedy trial for the 27 months between his arrest and the filing of his motion to dismiss, in which he finally asserted his constitutional right to a speedy trial. This delay in asserting his right to a speedy trial must be weighted against Boseman. See *Perry v. Mitchell*, 253 Ga. 593, 595 (322 SE2d 273) (1984); *Haisman v. State*, 242 Ga. at 897; *Barker*, 407 U. S. at 535.

(d) *Prejudice to defendant.* With regard to the first prejudice factor, oppressive pretrial incarceration, we will assume that the 27-month delay, standing alone, was oppressive, *Washington*, 243 Ga. at 331-332, although other courts have declined to hold that pretrial detention alone

> permits an automatic inference of enough prejudice to balance that factor in a [defendant's] favor without proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment.

*Hakeem*, 990 F2d at 761.

As for the second prejudice factor, anxiety and concern of the accused, "it is always present to some extent, and thus absent some unusual showing is not likely to be determinative in defendant's favor." LaFave and Israel, Criminal Procedure, Vol. 2, p. 410, § 18.2 (1984). Accord *Hakeem*, 990 F2d at 762. This Court has required some showing of anxiety or concern. For instance, in *Redd v. State*, 261 Ga. 300 (404 SE2d 264) (1991), we held that "[t]here is no evidence in the record of Redd's anxiety or concern due to his lengthy incarceration." Similarly, in this case, Boseman has not demonstrated any anxiety or concern that would balance this factor in his favor.

Furthermore, as to the possibility that the delay has impaired Boseman's ability to defend himself, Boseman has offered no specific evidence of any prejudice resulting from the delay.

However, the Supreme Court in *Doggett* held that "consideration of prejudice is not limited to the specifically demonstrable." *Doggett*, 112 SC at 2692. The Court held that the presumption of prejudice that arises from the passage of time strengthens with the length of the delay and may tilt the prejudice factor in a defendant's favor, although it may not alone carry a Sixth Amendment claim without regard to the other *Barker* criteria. Id. at 2692-2694. In *Doggett*, the Court concluded that a delay of eight and one-half years raised an inference of prejudice. We conclude, however, that the 27-month delay in this case is insufficient by itself to raise an inference of prejudice.

2. Balancing the foregoing factors, we conclude that the fact that Boseman suffered no impairment to his defense, the most important prejudice component of the speedy trial equation, and the fact that Boseman waited 27 months before asserting his right to a speedy trial lead to the conclusion that the trial court properly ruled that Boseman could not prevail on his claim that he was denied his constitutional right to a speedy trial.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*David V. Weber, Clayton L. Jolly III*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.