## A96A1309. THE STATE v. YATES.
(477 SE2d 670)

ANDREWS, Judge.

The State appeals the trial court's dismissal of the charges against Kyle Stephen Yates after finding he was denied his constitutional right to a speedy trial. We affirm.

Yates and a companion, Matthew Morgan, were arrested by off-duty police officers in Union City on August 14, 1993, and both were charged with DUI. Yates also was charged with permitting another to violate state law, failure to exhibit driver's license on demand, and obstruction of an officer.

On September 9, 1993, the Municipal Court of Union City transferred the case to the State Court of Fulton County. On August 10, 1994, almost one year later, the Solicitor of Fulton County filed Accusations against Yates on the above charges and the case was assigned to Judge Vaughn. The court set arraignment for December 1, 1994. Yates' counsel could not be present on that date and waived arraignment on November 23, 1994. Yates filed a motion in limine on December 5, 1994 and the court held a hearing on the motion on March 2, 1995. The case was scheduled for trial on March 29, 1995 and Yates and his counsel advised the court he would be ready for trial on that date. On March 29, 1995, Yates and his counsel appeared and were ready for trial but the court continued the case. On April 12, 1995, the case was again continued until May 30, 1995. On May 30, 1995, the case was finally called. Again, Yates was prepared for trial but the State moved for a continuance because it had failed to subpoena certain witnesses. The court granted the continuance over Yates' objection and put the State on terms. The case was never re-set, even though there were trial calendars in June and July.

On July 13, 1995, Matthew Morgan, Yates' only witness, died, and on August 21, 1995, Yates filed a motion to dismiss. Judge Mather, Judge Vaughn's successor, held a hearing on the motion on December 1, 1995. The court granted the motion to dismiss, pointing out that almost a year had elapsed from Yates' arrest to the filing of the Accusation, when the case was finally called for trial nine months later, the State requested a continuance, and, despite the State's having been put on terms in May, the case was never again scheduled for trial.

In *Barker v. Wingo*, 407 U. S. 514, 515 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court set out a four-part standard to be used in determining whether or not a defendant was denied the constitutional right to a speedy trial. The factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and, (4) the prejudice to the

defendant. Id. In considering the prejudice to defendant, the most important factor is whether or not the delay resulted in any impairment of the defense. *Barker*, supra at 532; *State v. Auerswald*, 198 Ga. App. 183, 184 (401 SE2d 27) (1990).

(1) Length of delay. The more than 27-month delay in this case is "presumptively prejudicial" and triggers the *Barker* analysis of the other three factors. *Boseman v. State*, 263 Ga. 730, 732 (438 SE2d 626) (1994).

(2) Reason for delay. The record is largely silent as to any reasons for the delay. For instance, there is no explanation for the one year delay between arrest and the filing of the Accusation[1] and also no explanation as to why the case was never put on another trial calendar after the State requested a continuance from the May 30, 1995 calendar. "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." *Boseman*, supra at 733.

(3) Defendant's assertion of his right to a speedy trial. On May 30, after the case was called for trial and the State requested a continuance, Yates opposed the motion for continuance and orally moved that the case be dismissed for lack of prosecution. This appears to be Yates' only assertion of the right prior to his motion to dismiss.

(4) Prejudice to defendant. The prejudice in this instance is clear as Yates' co-defendant and only witness died in July 1995, approximately two years after Yates was arrested. "If witnesses die or disappear during a delay, the prejudice is obvious." *Barker*, supra at 532.

In determining whether a defendant has been denied his right to a speedy trial, the court must engage in a "difficult and sensitive balancing process." *Brown v. State*, 264 Ga. 803, 805 (450 SE2d 821) (1994) (quoting *Barker*, supra at 533). The standard of review of the trial court's decision is whether the court abused its discretion in granting Yates' motion to dismiss for lack of a speedy trial. See, e.g., *Vick v. State*, 211 Ga. App. 735, 738 (440 SE2d 508) (1994).

Considering the length of time between the arrest and Accusation, the State's inability to proceed with the trial once the case was finally called, that the case was never put on another calendar after the State was put on terms, and impairment of Yates' defense caused by the death of his only witness, we find the trial court did not abuse its discretion in granting Yates' motion to dismiss for lack of a speedy trial.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

---

[1] The State and federal constitutional rights to a speedy trial "attach at the time of arrest or when formal charges are brought, whichever is earlier." *Boseman*, supra at 731.

DECIDED OCTOBER 30, 1996.

*Paul L. Howard, Jr., Solicitor, Cynthia G. Strong-McCarthy, Deborah W. Espy, Assistant Solicitors*, for appellant.
*Ellis C. Smith*, for appellee.