S00A1043. JACKSON v. THE STATE.
S00A1044. ALLISON v. THE STATE.
S00A1046. PERRY v. THE STATE.
S00A1047. NOLTON v. THE STATE.
S00A1048. JACKSON v. THE STATE.
(534 SE2d 796)

FLETCHER, Presiding Justice.

Michael Jackson, Timothy Allison, Derrick Perry, Rendrick Nolton and Charles Jackson, along with Michael Mosely who is not a party to this appeal, were indicted for the April 1997 murders of Felix Foster and Felicia Martinez. The issue before is us whether these five defendants have been denied their Sixth Amendment right to a speedy trial. Applying the criteria of *Barker v. Wingo*,[1] we hold that the defendants have failed to establish that their constitutional right to a speedy trial has been violated. Our decision in this regard does not, however, condone the state's delay of trial while two of these defendants remained incarcerated for two years. Even where not deliberate, delay by the state which results in excessive pre-trial incarceration will be closely reviewed by this Court. The state's negli-

---

[14] See *Duffy v. State*, 262 Ga. 249, 250-251 (416 SE2d 734) (1992).
[15] See OCGA § 24-9-69.
[1] 407 U.S. 514 (92 SC 2182, 33 LE2d 101) (1972).

gence "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun."[2] This is particularly true when a defendant is deprived of liberty during the delay. Nonetheless, where, as here, the defendants were dilatory in asserting the right to a speedy trial and have additionally failed to demonstrate that the state's negligence in bringing this case to trial has seriously prejudiced their defenses, there is no constitutional violation. Therefore, we affirm the denial of the motion to dismiss the indictments.

## THE CRITERIA OF *BARKER v. WINGO.*

In *Barker v. Wingo* the U. S. Supreme Court held that the burden of protecting the right to a speedy trial does not rest solely with a criminal defendant. "A defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process."[3] Thus, the courts must apply a balancing test to determine whether a defendant's constitutional right to a speedy trial has been denied in which four factors are to be considered: (1) the length of the delay; (2) the reason for the delay and whether this is attributable to the defendant or the state; (3) the timeliness of the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant.[4] With regard to the prejudice factor the Court identified three interests the right to a speedy trial was designed to protect: (i) oppressive pre-trial incarceration; (ii) anxiety and concern of the accused; and (iii) the possibility the defense will be impaired.[5] This Court has held that in order to weight the prejudice factor in the defendant's favor, he or she must offer specific evidence that one or more of these interests apply.[6]

While the contentions of these defendants are similar, the facts in each appeal differ. Therefore, we apply the *Barker* criteria to each case separately.

## S00A1043. Michael Jackson v. The State.

Michael Jackson was arrested on April 12, 1997 and indicted in January 1998. In August 1998 he filed, through counsel, an out-of-time demand for trial pursuant to OCGA § 17-7-170.[7] Jackson was

---

[2] *Doggett v. United States*, 505 U.S. 647, 657 (112 SC 2686, 120 LE2d 520) (1992).
[3] 407 U.S. at 527.
[4] 407 U.S. at 530.
[5] 407 U.S. at 532.
[6] *Boseman v. State*, 263 Ga. 730, 733-734 (438 SE2d 626) (1994).
[7] The demand for trial in OCGA § 17-7-171, rather than OCGA § 17-7-170, applies to the capital offenses with which Jackson is charged.

not granted bond until March 1999, after the state obtained a continuance of trial until September 1999 in order to indict Nolton and Mosely, and to re-indict the other four defendants. On July 26, 1999, Jackson filed a motion to dismiss the indictment against him, alleging a violation of his Sixth Amendment right to a speedy trial.

The state apparently concedes that the length of the delay between Jackson's April 1997 arrest and the trial date of September 1999 is presumptively prejudicial, thus triggering the *Barker* inquiry.[8] Jackson asserts that the reasons for the state's delay — an overcrowded docket; successionally reassigning this case to three assistant district attorneys; and the delay in order to indict Nolton and Mosely — are not justified and therefore are to be weighted in his favor.

This Court has held that a delay of trial for more than two years is "deplorable."[9] However, if the delay attributable to the state's preparation of its case is not deliberate but is negligent, it is weighted as a "relatively benign" factor against the state.[10]

The delay of trial in order for the state to indict Nolton and Mosely presents a different matter. After seeking a continuance of the specially set March 1999 trial date until September 1999 so that it could indict these two defendants, the state agreed, at an August 1999 hearing, to sever the trials of Nolton and Mosely from the remaining four.[11] The record shows that Nolton was known to the state and was a suspect in the case immediately following the murders. Thus, the record does not support the state's contention that the delay attributable to this continuance was necessary. The state nonetheless maintains that because this delay was not intentional, it is of no consequence. While there is no evidence that this was a deliberate attempt to "hamper the defense,"[12] neither is it negligence which is "relatively benign." It is therefore weighted against the state.

Even if we were to assume that Jackson's assertion of his out-of-time demand for a speedy trial under OCGA § 17-7-170 also raised his Sixth Amendment right,[13] this claim was not made until 16

---

[8] *Boseman*, 263 Ga. at 732. If the delay is "presumptively prejudicial," the *Barker* inquiry is initiated. "The delay is then considered a second time by factoring it into the prejudice prong of the *Barker* analysis."

[9] *Perry v. Mitchell*, 253 Ga. 593, 594 (322 SE2d 273) (1984).

[10] Id.; see also *Johnson v. State*, 268 Ga. 416, 418 (490 SE2d 91) (1997). In *Strunk v. United States*, 412 U. S. 434, 436 (93 SC 2260, 37 LE2d 56) (1973), the Court noted that the ultimate responsibility for an overcrowded docket lies with the state, but that because such a factor is not a deliberate delay of trial, it is to be weighted less heavily against the state.

[11] The state now maintains that the decision to sever has been "tabled."

[12] *Barker*, 407 U.S. at 531.

[13] As noted above, the statutory demand for a speedy trial in capital cases is OCGA § 17-7-171. Further, " '[t]he Demand Statute [in OCGA § 17-7-171] is to be regarded as an aid

months after arrest. Jackson did not specifically assert his Sixth Amendment right to a speedy trial until well over two years following his arrest. As the Supreme Court noted in *Barker*, the length of delay in asserting the right is directly related to the personal prejudice experienced by the defendant. "The more serious the deprivation, the more likely a defendant is to complain."[14] Jackson's extensive delay in asserting his right to a speedy trial is to be weighted against him.

With regard to his claim of prejudice, Jackson's nearly two-year period of pre-trial incarceration was unquestionably burdensome. However, we have held that pre-trial incarceration of 27 months does not automatically establish prejudice in the defendant's favor for purposes of the *Barker* analysis absent "proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend imprisonment."[15] Having failed to offer the specific evidence required to support his general claims of anxiety, poor conditions in the Fulton County jail, and that his defense may be impaired by the delay,[16] Jackson has failed to swing the balance of prejudice in his favor.

Weighing the state's negligent delay of trial against Jackson's failure to demonstrate that his defense will be impaired by this delay as well as his failure to timely assert his Sixth Amendment right, we conclude that the trial court did not err in denying Jackson's motion to dismiss his indictment.

### S00A1044. Timothy Allison v. The State.

An arrest warrant issued for Timothy Allison in September 1997, and he was indicted in January 1998. However, he was not arrested and incarcerated until June 1998. He was re-indicted in March 1999, and released on bond at that time. In June 1999 he filed a motion joining Michael Jackson's out-of-time motion for a speedy trial pursuant to OCGA § 17-7-170.[17]

Conceding that the 15 months between arrest and the date of trial are presumptively prejudicial,[18] the state argues that Allison has failed to demonstrate his Sixth Amendment right to a speedy trial had been denied. We agree.

---

and implementation of the State constitutional right.' [Cit.] At the same time the demand statute provides no assistance in relation to the federal constitutional right to a speedy trial." *Henry v. State*, 263 Ga. 417, 418 (434 SE2d 469) (1993), relying on *Reid v. State*, 116 Ga. App. 640, 645 (158 SE2d 461) (1967).

[14] *Barker*, 407 U.S. at 531.

[15] *Boseman*, 263 Ga. at 733, quoting *Hakeem v. Beyer*, 990 F2d 750, 761 (3rd Cir. 1992).

[16] *Boseman*, 263 Ga. at 733-734.

[17] See note 13.

[18] See *Doggett v. United States*, 505 U.S. 647 at 653 n. 1, noting that the majority of lower courts have found presumptive prejudice as a case approaches one year without being tried.

The reasons for the delay are the same urged in Michael Jackson's case, and, on balance, are weighted against the state. Even were we to assume that the demand for trial pursuant to OCGA § 17-7-170 asserted a Sixth Amendment right, Allison did not join in it until ten months after it had been filed, and a year after he had been arrested. This delay is weighted against him.[19] Allison's bare claims of anxiety due to prison over-crowding and separation from family, which are "always present to some extent,"[20] fall short of establishing prejudice sufficient to satisfy the Sixth Amendment. Finally, his claim that his alibi defense "may" be prejudiced by the delay is belied by the record: at a January 1999 bond hearing Allison presented alibi testimony of two witnesses as to his whereabouts at the time of the murder.

Balancing the *Barker* factors, we conclude that the trial court correctly denied Allison's motion to dismiss.

### S00A1046. Derrick Perry v. The State.

Derrick Perry was arrested in August 1997, indicted in January 1998 and re-indicted in March 1999. In June 1999 he filed an out-of-time motion for speedy trial pursuant to OCGA § 17-7-170.[21] He remained incarcerated from his arrest in August 1997 until August 1999 when he was released on bond.

The state concedes that the two-year delay between arrest and the date of trial is presumptively prejudicial. Perry adopts the reasons for delay of trial asserted by Michael Jackson. He additionally argues that the state delayed trial because it lacked a credible case against him, and that a "reasonable inference" from the delay is that the state is attempting to force him to testify in exchange for leniency. Neither of these latter arguments is supported by the record. However, to the extent that Perry argues that the delay was a result of the state waiting to indict Nolton and Mosely, then later offering to sever them from the case, the delay is weighted against the state.

Perry's demand for a speedy trial pursuant to OCGA § 17-7-170 was not made until 22 months after he had been arrested. As in the case of his co-defendants, even were his demand sufficient to trigger his Sixth Amendment right, the delay is weighted against him.

While Perry's pre-trial incarceration of nearly two years is clearly burdensome, he has offered no "proof of sub-standard conditions or other oppressive factors beyond those that necessarily attend

---

[19] *Barker*, 407 U.S. at 531.

[20] *Boseman*, 263 Ga. at 733, quoting LaFave and Israel, Criminal Procedure, Vol. 2, p. 410, § 18.2 (1984).

[21] See note 13.

imprisonment."[22] Finally, he claims prejudice in that his alibi defense may be impaired by the delay of trial. However, the record shows that in February 1999, Perry gave notice of his alibi defense, identifying five witnesses who would provide alibi testimony on his behalf. We conclude that Perry has failed to establish that his defense would be seriously prejudiced by the delay in this case.

Balancing the *Barker* factors, we conclude that the trial court did not err in denying Perry's motion to dismiss the indictment against him.

### S00A1047. Rendrick Nolton v. The State.

Nolton has not filed a brief in this case, but has instead filed a statement that he adopts the arguments made in Michael Jackson's brief.

The record demonstrates that Nolton was initially considered a suspect by police, and was interviewed in July 1998. He was not, however, indicted until March 1999. In July 1999 he moved to adopt all motions of his co-defendants, and additionally moved to sever his case. At a hearing in August 1999 the state agreed to Nolton's motion to sever.[23] We hold that the six month delay between indictment and a trial date is not presumptively prejudicial, and therefore the *Barker* analysis is not triggered.[24]

### S00A1048. Charles Jackson v. The State.

Charles Jackson was arrested in October 1997. In February 1998 and again in May 1998 he filed pro se Sixth Amendment demands for a speedy trial. In June 1998 he was released on bond and simultaneously, through counsel, withdrew his demands for speedy trial. He was reindicted in March 1999. At that same time Jackson filed a motion adopting all motions of his other co-defendants.

While the nearly two-year period between arrest and date of trial is presumptively prejudicial, having withdrawn his earlier Sixth Amendment assertions of his right to a speedy trial, Jackson did not purport to demand a speedy trial until approximately 18 months after arrest when he joined in the motion pursuant to OCGA § 17-7-170. This delay is weighted against him. The reasons for delay are the same as those raised in his co-defendant's case and to the extent that they involve the continuance to indict, then sever, Nolton and Mosely are weighted against the state.

---

[22] *Boseman*, 263 Ga. at 733, quoting *Hakeem v. Beyer*, 990 F2d 750 at 761.

[23] As noted above, the state maintains that the motion to sever has been "tabled."

[24] *Boseman*, 263 Ga. at 732.

However, Jackson offers no evidence to support his claim that the eight months he spent incarcerated constitute "actual prejudice," or to support his assertion that there is "possible prejudice" arising from his inability to assist his counsel in investigating the case and locating witnesses. Jackson's release from jail 15 months prior to the scheduled trial date provided ample opportunity to assist his counsel in this regard if he so desired. Thus the trial court did not err in denying Jackson's motion to dismiss the indictment against him.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in judgment only.*

DECIDED SEPTEMBER 11, 2000 —
RECONSIDERATIONS DENIED SEPTEMBER 29, 2000 AND OCTOBER 6, 2000.

*Dwight L. Thomas, Jo Ann Claudrick*, for appellant (case no. S00A1043).

*Bobby D. Wilson*, for appellant (case no. S00A1044).

*Henry A. Hibbert*, for appellant (case no. S00A1046).

*Linda W. Lyons*, for appellant (case no. S00A1047).

*Rubin, Winter, Rapoport & Hall, Robert G. Rubin*, for appellant (case no. S00A1048).

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys*, for appellee.