S01A1116. BRANNEN v. THE STATE.
(553 SE2d 813)

THOMPSON, Justice.

Tammy Suzette Brannen was arrested on August 4, 1995, and indicted on December 20, 1995, for malice murder in the shooting death of Darrell Johnson. The case is before the Court from the denial of Brannen's motion to dismiss the indictment based on an alleged violation of her Sixth Amendment right to a speedy trial. We affirm.

Brannen was released on bail on August 25, 1995. The case was initially called for trial on February 18, 1997, but was continued at the request of the State. In September 1999, the court notified Brannen that the case would be tried on October 18, 1999; and a subsequent trial date was set for December 13, 1999. Prior to the scheduled trial date, Brannen filed her motion to dismiss the indictment on Sixth Amendment grounds. In substance, Brannen argued that the 52-month delay from arrest to the filing of the motion to dismiss,

coupled with the death of a defense witness who allegedly would have given exculpatory testimony, prejudiced her defense to the extent that the indictment should be dismissed. The trial court denied the motion to dismiss finding that Brannen's Sixth Amendment right to a speedy trial had not been violated.[1]

Brannen's Sixth Amendment claim is analyzed under the four-part balancing test set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), which requires that we consider: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant.

The State concedes that the 52-month delay is presumptively prejudicial, thus requiring this Court to inquire into "the other factors that go into the balance." *Barker*, supra, 407 U. S. at 530. See e.g., *Nelloms v. State*, 274 Ga. 179 (549 SE2d 381) (2001) (51-month delay is "egregious"); *Perry v. Mitchell*, 253 Ga. 593 (322 SE2d 273) (1984) (delay of more than two years is "deplorable").

> Closely related to length of delay is the reason the government assigns to justify the delay. . . . A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. . . . [A] valid reason, such as a missing witness, should serve to justify appropriate delay.

*Barker*, supra, 407 U. S. at 531. In this case it appears that the State sought and was granted a continuance of the original trial date of February 18, 1997, due to the unavailability of two of its witnesses, members of the state medical examiner's office, who were attending an out-of-state seminar. Although the defense strenuously objected to the continuance, Brannen did not specifically invoke her right to speedy trial.

No further effort was made to schedule a trial until September 1999, when the court notified Brannen that the case would be tried on October 18, 1999, and subsequently notified her that trial had been set for December 13, 1999. Even if the initial delay could be justified, the State has provided no explanation for the failure to schedule trial in the ensuing 34 months. "Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial." *Boseman*, supra at 733. Nor is there evidence of any affirmative action on Brannen's part which

---

[1] Although the order is interlocutory in nature, a direct appeal lies from the denial of a motion to dismiss the indictment for failure to provide the defendant with a speedy trial under the U. S. and Georgia Constitutions. *Boseman v. State*, 263 Ga. 730 (438 SE2d 626) (1994).

would have contributed to the delay. Compare *Nelloms*, supra. Accordingly, this factor, too, is weighed in favor of the defendant. But in assigning weight, we also note the absence of any deliberate attempt on the part of the State "to delay the trial in order to hamper the defense." *Barker*, supra, 407 U. S. at 531. Under such circumstances, this factor "is . . . relatively benign but definitely negative." *Perry*, supra at 595. See also *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000).

It is the defendant's responsibility to assert the right to trial, *Barker*, supra, 407 U. S. 531, and the failure to exercise that right is entitled " 'to strong evidentiary weight' against the defendant." *Perry*, supra at 595. Although it appears that defense counsel objected to the February 1997 continuance, and followed with a letter to the court in which he reiterated his objection to the continuance, stated that he was ready for trial, and suggested that the witnesses should be held in contempt for failing to appear, such actions cannot be construed as an assertion of the right to a speedy trial under our analysis. See *Jackson*, supra at 785 (defendant's failure to *specifically* assert Sixth Amendment claim for two years weighed in favor of State). Brannen filed no statutory demand for trial under OCGA § 17-7-171, but instead waited until five days prior to the scheduled trial date of December 13, 1999 to file her motion to dismiss the indictment on Sixth Amendment grounds.

As we recently said in *Nelloms*, supra at 181: the failure to assert the right

> is entitled to strong evidentiary weight against the defendant, where, as here, [the defendant] filed no statutory demand for speedy trial pursuant to OCGA § 17-7-171 and did not raise his constitutional right to a speedy trial for the 51 months between his arrest and the filing of his motion to dismiss, in which he finally asserted the right. This delay in asserting [the] right to a speedy trial must be weighted against [the defendant].

(Citations and punctuation omitted.) See also *Boseman*, supra at (1) (c); *Perry*, supra. And, as was recognized in *Barker*, supra at 532, "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial."

In analyzing the fourth factor (prejudice), we must consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. *Mullinax v. State*, 273 Ga. 756 (2) (545 SE2d 891) (2001); *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

Brannen was not subjected to oppressive pretrial incarceration because she spent less than one month in jail between her arrest in August 1995, and her release on bail.[2] See *Nelloms*, supra. Nor has she demonstrated "any specific anxiety or concern which would balance this factor in [her] favor." Id. at 181. See also *Mullinax*, supra at 759 (2) ("absent some *unusual showing*" of anxiety or concern, this factor is "not likely to be determinative in defendant's favor"). (Emphasis supplied.)

The most troublesome factor in this case is the possibility that the delay may have impaired Brannen's justification defense. In this regard, Brannen shows that in the week following her August 1995 arrest, her attorney obtained a sworn, notarized statement from Reginald Trent Benfield, an acquaintance of both Brannen and the victim, Darrell Johnson. Benfield attested as follows: that Brannen and Johnson had on occasion visited Benfield at his home; that at times Johnson "acted extremely violent towards [Brannen] and slapped her around"; that Brannen "appeared to be very afraid of him"; that on one occasion he overheard Johnson tell Brannen if "she ever ran around on him that he would kill her and then kill himself"; that at some unspecified time Benfield bought a 12 gauge shotgun from Johnson for $25 and told Johnson he would sell it back to him at the same price; that on the day of the shooting, Johnson stole the shotgun, a box of shells, a cowboy hat, and boots from him; and that two or three days before the shooting, Johnson told Benfield "that when [Brannen] got back that blood and brains would be all over that mobile home."[3] Benfield died of carcinoma of the liver on December 11, 1997, 28 months after the defense obtained his statement.

The prejudice component was identified in *Barker* as "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, supra, 407 U. S. at 532. "If witnesses die or disappear during a delay, the prejudice is obvious." Id. However, no single one of the four factors is "a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." Id. at 533. See also *Boseman*, supra at (1) (prejudice factor may not alone carry a Sixth Amendment claim without regard to the other *Barker* factors). Thus, we are required to assess the extent of the prejudice resulting from the missing witness and balance it against the other related factors.

Brannen obtained Benfield's affidavit on August 16, 1995; how-

---

[2] The State asserts in its appellate brief that Brannen remained free on bail from August 21, 1995 until August 29, 2000, when she was arrested for other offenses.

[3] The prosecutor argued at a hearing in the trial court that Benfield told investigators for the State that Johnson actually said he was planning to shoot himself and that Brannen would find *his* blood all over the house.

ever, she did not inform the State of its existence until December 8, 1999, when she filed it as an attachment to her motion to dismiss. Although the State opposed the motion, the prosecutor has agreed that it would concede the admissibility of the affidavit under the necessity exception to the hearsay rule at a trial of the case. Although we agree that Brannen is disadvantaged by her inability to examine Benfield at trial, the State is also prejudiced by its inability to cross-examine the witness and put before the jury the alternate theory that Johnson was threatening suicide rather than threatening Brannen's life. Now the contents of Benfield's affidavit will go unchallenged.

Under the circumstances, it is not unreasonable to conclude that Brannen elected to sit on the information and take her chances that the protracted delay would inure to her benefit.

> Delay is not an uncommon defense tactic. As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which bears the burden of proof.

*Barker*, supra, 407 U. S. at 521.

We weigh the relative prejudice resulting from the missing witness against Brannen's decision to forego the election to seek a speedy trial, perhaps with the expectation that the State's case would weaken. In *Nelloms*, supra, we were faced with a similar situation. Nelloms claimed that his justification defense was impaired because three witnesses who could testify to prior acts of violence by the victim could not be located due to the passage of 51 months. The State stipulated to the missing evidence, should Nelloms make a prima facie case of justification at trial. Under those circumstances, we determined that the prejudice was "alleviated." In the present case, the State has unequivocally agreed that Benfield's affidavit is admissible at trial. Thus, the unchallenged evidence itself could provide a basis for Brannen's justification defense. Therefore, we conclude that the prejudice in this case is alleviated.

We do not condone the delay occasioned here. But each case must be reviewed on its own facts, and balancing all the *Barker* factors, we conclude that the trial court did not err in denying Brannen's motion to dismiss the indictment on Sixth Amendment grounds.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., Sears, P. J., and Hunstein, J., who dissent.*

FLETCHER, Chief Justice, dissenting.

Because the balancing of the four factors under *Barker v. Wingo*[4] weighs against the State, I respectfully dissent.

The first two factors, the length of the delay and the reason for it, both weigh against the State. The 52-month delay in this case is greater than delays that we have characterized as "egregious" and "deplorable."[5] The reason for the delay lies wholly with the State and is largely unexplained. The transcript from the motion to dismiss shows that the State announced on February 7, 1997 that it was ready to try the case and the case was set for jury selection to begin February 18, 1997. Less than two weeks later, however, on the morning of February 18, the State sought a continuance because two employees of the State's medical examiners office were out of town attending a conference. In objecting to the continuance, Brannen noted that there was no dispute that the victim died of a gunshot wound and questioned the necessity of a continuance. The State has provided no evidence justifying its inconsistent responses to the call for trial on February 7 and February 18, or the necessity of these two witnesses. Even assuming mere negligence on the part of the State, the reason for the delay is still weighted heavily against the State because of the length of the delay. As the United States Supreme Court has stated, "the weight we assign to official negligence compounds over time . . . [t]hus, our toleration of such negligence varies inversely with its protractedness."[6]

The third factor, the defendant's assertion of the right, must weigh against Brannen because she did not file a speedy trial demand. She did however announce ready for trial when the case was called on February 18, 1997. She vigorously objected to the continuation of her trial and offered to concede the facts to be testified to by the State's witnesses who chose to be absent.[7] Additionally, none of the delay may be attributed to her.[8] Under these circumstances, this factor should be weighted against the defendant, but not heavily.[9]

The fourth factor, the prejudice to the defendant's ability to prepare her case, is the most serious factor. However, the majority evis-

---

[4] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[5] See *Nelloms v. State*, 274 Ga. 179 (549 SE2d 381) (2001); *Perry v. Mitchell*, 253 Ga. 593 (322 SE2d 273) (1984).

[6] *Doggett v. United States*, 505 U. S. 647, 657 (112 SC 2686, 120 LE2d 520) (1992).

[7] Compare *Barker*, 407 U. S. at 535-536 (defendant failed to object to motions for continuance).

[8] Compare *Jones v. State*, 273 Ga. 231 (539 SE2d 154) (2000) (much of the delay was attributable to defendant).

[9] Cf. *Barker*, 407 U. S. at 529 (trial court may attach different weights to reason for failure to assert speedy trial right).

cerates this component. To establish prejudice, the defendant must substantiate her claim that the testimony that would have been given by the absent witness is helpful.[10] The majority destroys this requirement by concluding that the affidavit, which substantiates the existence of prejudice, in fact mitigates the prejudice. Thus, according to the majority, the very proof required obviates the prejudice sought to be proved.

Additionally, the majority suggests that the State is prejudiced by not being able to put forth its alternate theory that the victim was threatening suicide rather than Brannen's life. However, the majority fails to recognize that the State, under the necessity exception, may present evidence of its investigators, who spoke to the deceased witness, that the victim was threatening suicide, not murder. The State's argument also ignores the fact that a live witness, in this case a state investigator, will likely carry more evidentiary weight than will an affidavit that is written in the defendant's lawyer's handwriting, is notarized by that lawyer, and does not explain that the affiant was a friend of the victim's and thus, does not dispel any concern about the affiant's bias.

Finally, in considering the prejudice factor, the majority inappropriately relies on the supposed motive of Brannen in not filing a demand for speedy trial. The majority supports its conclusion that Brannen intentionally delayed with a quotation from *Barker*. However, the Supreme Court, in noting that "delay is not an uncommon defense tactic," was not endorsing the use of this assumption in weighing the factors, but was explaining the amorphous quality of the constitutional right to a speedy trial and how it differs from other constitutional rights.[11] In fact, the Court specifically rejected a "demand-waiver" rule that relied upon the assumption that delay usually works to the benefit of the defendant.[12] In this case, the trial court made no factual findings regarding the State's or Brannen's motives. If this Court were to speculate on motivation, it would be equally valid to assume the State chose not to proceed with a weak case.[13]

Accordingly, the State's "concession" to allow the admission of

---

[10] Wayne R. LaFave, Jerold H. Israel, and Nancy J. King, *Criminal Procedure* § 18.2 (e) (2d ed. 1999); see, e.g., *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000) (defendant must offer specific evidence of prejudice); *Johnson v. State*, 268 Ga. 416, 418 (490 SE2d 91) (1997) (noting failure to present evidence that possible exculpatory witnesses were not called because of delay).

[11] *Barker*, 407 U. S. at 521.

[12] Id. at 525-526 (also noting that "it is not necessarily true that delay benefits the defendant").

[13] Cf. *Doggett*, 505 U. S. at 657 (State's "persistent neglect in concluding a criminal prosecution indicates an uncommonly feeble interest in bringing an accused to justice").

the affidavit does little, if anything, to ameliorate the prejudice suffered by the defendant and this factor must be weighted heavily against the State. Under these circumstances, where the prejudice is great, the 52-month delay is egregious, and the reason for the delay is largely unexplained, but clearly attributable solely to the State, I conclude that Brannen's right to a speedy trial under the United States Constitution has been violated.

I am authorized to state that Presiding Justice Sears and Justice Hunstein join in this dissent.

DECIDED OCTOBER 5, 2001 —<br>RECONSIDERATION DENIED NOVEMBER 5, 2001.

*J. Alvin Leaphart*, for appellant.
*Stephen D. Kelley*, District Attorney, *John B. Johnson III*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, for appellee.