## A03A1392. SHULER v. THE STATE.
(587 SE2d 269)

BARNES, Judge.

Jeremy Marion Shuler appeals the trial court's denial of his plea in bar based upon the alleged denial of his constitutional right to a speedy trial. Shuler contends the trial court erred by finding that the State exercised due diligence in bringing him to trial, erred by finding that his demand for speedy trial was ineffective because the pending charge was nolle prossed before his demand was filed, and erred by finding that he has not demonstrated that he was prejudiced by the delay. For the reasons stated below we affirm.

The trial court's order stated the following:

> On January 8, 1999, Defendant and his wife were in a single car collision in White County. The wife was killed in the collision, and the main issue in the case is as to which one of them was driving at the time of the wreck, and if the Defendant was driving, whether he was at that time under the influence of alcohol.
>
> A time line will be helpful in considering the issues in this case:
>
> January 8, 1999 — the wreck occurred

time of Sapp's trial, the case still could have been called by the trial court at a later time. See OCGA § 15-6-61 (a) (4) (B).

January 2, 2001 — an accusation was filed charging the Defendant with DUI

February 6, 2001 — (a) the State nol prossed the DUI accusation at 11:19 a.m. (b) the Defendant filed a demand for speedy trial at 1:11 p.m.

April 2, 2001 — indictment returned by White County Grand Jury charging Defendant with DUI and Vehicular Homicide

July 9, 2001 — set for jury trial, Defense Counsel filed a conflict letter

August 24, 2001 — Defendant filed motion to recuse the trial judge. Orders of recusal were filed by both judges of the Enotah Circuit.

October 30, 2001 — Senior Judge Struble was appointed to handle the case.

It was stipulated that the Defendant has always announced ready for trial and that a jury has been impaneled at each term of White Superior Court from January 8, 1999 up to and through October 30, 2001.

The trial court found that, although Shuler had filed a demand for trial on the original accusation against him, he did not file a demand for speedy trial on the charges alleged in the indictment. The court concluded that the circumstances of this case do not amount to such prejudice to the defendant, absent a demand, that defendant's motion to dismiss on this ground should be granted. While the defendant may suffer emotional stress while awaiting trial, he has some obligation to attempt to alleviate this stress by filing a statutory demand for trial.

The question before us is whether the trial court abused its discretion in ruling that Shuler's speedy trial rights were not violated. See *Burns v. State*, 265 Ga. 763, 764 (462 SE2d 622) (1995). The Supreme Court of Georgia has held that

[i]n *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), the Supreme Court of the United States identified four factors to be considered by a court in determining whether an accused's constitutional right to a speedy trial had been violated[:] (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. The Supreme Court further stated that it regarded none of the factors as either a necessary or sufficient condition to a finding of a deprivation of the right of speedy trial but rather that the factors should be considered together in a balancing test of the conduct of

the prosecution and the defendant. As to the prejudice factor, there are three interests which the speedy trial right was designed to protect, the last being the most important: (a) to prevent oppressive pre-trial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired.

(Citations and punctuation omitted.) *Boseman v. State*, 263 Ga. 730, 731-732 (1) (438 SE2d 626) (1994).

1. Although the trial court did not reach this issue specifically, our initial concern is when Shuler's right to a speedy trial attached. Under our law, these rights attach at the time of arrest or when formal charges are brought. *Boseman v. State*, supra, 263 Ga. at 731. Shuler contends his right to a speedy trial attached the night of the accident because he was arrested then. Implicit in the trial court's chronology, however, is a rejection of Shuler's argument that he was arrested after the car wreck on January 8, 1999. If the trial court had so found, that fact would have been noted in the court's chronology. Instead, the chronology begins on the date the accusation was brought against Shuler.

The record shows that after the one-car traffic accident in which Shuler's wife was killed, one deputy sheriff said to another, "Okay, then place him under arrest for DUI." He also told Shuler, "You need to come with us," and when Shuler asked where they were going, the deputy said, "The jail house." Shuler, however, was never taken to jail. The deputy also told Shuler to go back and sit in a car, but according to the deputy's testimony, he did so because he did not want Shuler to see his wife being taken from the scene.

Although the deputy denies placing Shuler under arrest or putting handcuffs on him, Shuler's *Miranda* rights were read to him that night. The deputy could not recall whether he put Shuler in the back of his cruiser, but he did recall that at some point, Shuler left the scene. Shuler testified at the hearing that he did not go to jail that night, and, regardless of what the deputy said, he felt free to go because he was never handcuffed and was not placed in a police car.

Under these circumstances, we cannot say that the trial court erred by concluding that Shuler was not placed under arrest the night of the accident. Therefore, the issue is whether the delay between the filing of the accusation against Shuler and the motion hearing warranted dismissal of the charges. We find that it did not.

2. Further, we do not agree with the trial court that Shuler's failure to file a demand for trial after he was indicted is significant. He filed a demand for speedy trial only hours after the original charges were nolle prossed, and, given the circumstances here, we find that was sufficient to place the State on notice that he demanded a speedy

trial. See *State v. Bazemore*, 249 Ga. App. 584, 586 (1) (c) (549 SE2d 426) (2001).

3. Even affording Shuler the benefit of the demand for trial filed after the original charges were dismissed, however, we do not find that he has been denied his constitutional right to a speedy trial. As the delay in this case was about 11 months, partly due to Shuler's August 23, 2001 motion to recuse the trial judge that resulted in a replacement judge being assigned on October 30, 2001, we do not find that the delay in this case was excessive. While the delay might have been presumptively prejudicial, see *Doggett v. United States*, 505 U. S. 647, 652 (112 SC 2686, 120 LE2d 520) (1992); *Boseman v. State*, supra, 263 Ga. at 732 (1) (a), we find that the State adequately explained the reasons for the delay. Moreover, over 20 motions were filed in this case, and the hearings on the motions were rescheduled twice, once specifically to accommodate defense counsel.

4. Further, we do not find that Shuler was prejudiced by this delay within the meaning of *Barker v. Wingo*, supra.

> In analyzing the prejudice factor, we consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired. Of these forms of prejudice, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

(Citation and punctuation omitted.) *State v. Johnson*, 274 Ga. 511, 513 (4) (555 SE2d 710) (2001). "Mere passage of time, standing alone, does not compel a finding of denial of due process." *Obiozor v. State*, 213 Ga. App. 523, 524 (2) (b) (445 SE2d 553) (1994). Here, except on the two occasions when he was arrested, Shuler was not incarcerated. Further, while Shuler no doubt suffered anxiety and concern, these factors always exist to some degree, and Shuler has not shown that he suffered an unusual degree of anxiety or concern. See *Boseman v. State*, supra, 263 Ga. at 733 (1) (d).

Finally, we do not believe that the record warrants the conclusion that this delay has prejudiced Shuler's defense. At best, he has shown that he has been unable to reach two potential witnesses, and not that the witnesses will be unavailable at trial.

Accordingly, we find that the trial court did not err by denying Shuler's motion.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 10, 2003 — 

*McDonald & Cody, Douglas W. McDonald, Jr.*, for appellant.

*N. Stanley Gunter, District Attorney, Kerry I. Banister, Assistant District Attorney*, for appellee.