**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 13, 2012**

# In the Court of Appeals of Georgia

A12A1237. CROSSON v. THE STATE.

BARNES, Presiding Judge.

Maureen Carole Crosson appeals from a trial court order denying her motion for discharge and acquittal for violation of her constitutional right to a speedy trial. Following our review, we affirm.

"A trial court's decision regarding a constitutional speedy trial claim will not be reversed absent an abuse of discretion." *Oni v. State*, 285 Ga. App. 342, 343 (2) (646 SE2d 312) (2007). We analyze Crosson's claim under the mandates of *Barker v. Wingo*. 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). *Barker's* four-part balancing test provides that in analyzing a speedy trial claim the court must consider:

> (1) the length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right to speedy trial; and (4) the prejudice to the defendant. Standing alone, none of these factors are a necessary, or

sufficient condition to a finding of deprivation of the right to a speedy trial, but rather should be considered as part of a balancing test. Thus, we must apply and weigh these factors together to determine if [Crosson's] constitutional right to a speedy trial has been abridged. Before balancing these factors, we must determine whether the length of the delay is presumptively prejudicial, and if so, we then must weigh that factor with the other factors to determine whether the right has been abridged.

(Punctuation and footnotes omitted.) *Davis v. State*, 301 Ga. App. 155, 156 (687 SE2d 180) (2009).

Crosson was arrested July 3, 2010 on an arrest warrant for theft by taking after being stopped for a traffic violation. She posted bond on August 5, 2010, and was indicted on September 13, 2010 and charged with theft by taking and felony theft by deception. On September 16, Crosson was taken into custody again, and on November 2, 2010 filed a demand for speedy trial under OCGA § 17-1-170.[1] The State filed a motion to specially set the trial for the week of January 24, 2011, which Crosson objected to and demanded to be tried immediately, alleging that the motion was a strategic ploy to "keep [her] incarcerated so that the State [could] indict her on

---

[1] Crosson also filed a motion to invoke the standing order in criminal cases, and a cumulative motion to suppress, motion to exclude the crime laboratory report, plea in bar and general demurrer.

2

additional charges." On December 2, 2010, Crosson withdrew her motion for speedy trial, after which the State also withdrew its motion to specially set the trial. Crosson was released on bond on December 28, 2010. She was re-indicted on January 6, 2011 for computer theft by deception, computer theft by conversion, two counts of theft by deception, and two counts of conspiracy to commit a crime.

On January 19, 2011, Crosson, pro se, filed a "Judicial Notice" that she was dismissing her attorney and representing herself "in any pending case before this court." She also filed a motion to dismiss, motion for discovery, and "defendants plea," in which she plead not guilty, requested a speedy trial, and requested a court reporter. On January 24, she filed a second motion to dismiss and request for speedy trial, motion to stay jury trial pending appeal, and a notice of appeal of a non-final order. The filings were not served on the State. Crosson's attorney filed his intention to withdraw on January 25, 2011, which the trial court granted on the same day.

Crosson was arraigned on the re-indictment on February 3, 2011, after which the trial court signed a bench warrant and she was taken into custody.[2] After the State moved to dismiss the bench warrant, Crosson's bond was reinstated and she bonded

---

[2] It was noted on the indictment that Crosson had refused to enter a plea at the arraignment and the trial court entered a plea of "not guilty" for her.

out of the Dawson County jail on February 15, 2011. On April 8, 2011, Crosson filed another pro se statutory motion for speedy trial, and on August 26, 2011, she filed a motion for immediate discharge and acquittal.[3] Crosson was incarcerated in Gwinnette County at that time. She was produced for a hearing on October 20, 2011, after which trial counsel was appointed to represent her.[4] On October 24, 2011, Crosson moved to dismiss the indictment based on the denial of her right to a speedy trial. After a hearing, the trial court denied the motion. This appeal ensued.

Crosson contends that the trial court erred in denying her motion for discharge and acquittal pursuant to the Sixth Amendment of the Constitution.

*Presumptive Prejudice.*

In this case, where there has been no trial, the length of delay is calculated "from the date of arrest or other formal accusation to the date on which a defendant's speedy trial motion was granted or denied." *State v. Porter*, 288 Ga. 524, 526 (2) (b) (705 SE2d 636) (2011). Crosson was arrested on July 3, 2010 and her speedy trial motion was denied on November 11, 2011. "A delay approaching one year is

---

[3] The motions were not served on the State; however the Clerk notified Crosson that the motions would be forwarded to the State.

[4] The transcripts of the numerous hearings in this case were not included with the record.

generally deemed to be presumptively prejudicial." *State v. Pickett*, 288 Ga. 674, 675 (706 SE2d 561) (2011). The State concedes that the delay in this case is presumptively prejudicial, thus triggering the *Barker* analysis.

*Length of delay.* Regarding the first *Barker* factor,

[i]t is important that trial courts not limit their consideration of the lengthiness of the pretrial delay to the threshold question of presumptive prejudice and remember to count it again as one of four criteria to be weighed in the balancing process at the second stage of the *Barker-Doggett* analysis. This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify. As a result, the weight accorded the other factors in the balancing test depends, to a large degree, on the length of the delay.

(Citation omitted.) *Kemp v. State*, 314 Ga. App. 327, 330 (2) (a) (724 SE2d 41) (2012).[5] The 16-month delay experienced by Crosson exceeded the amount of time necessary to establish a presumption of prejudice, and, therefore, was uncommonly

---

[5] The superior court's order does not reflect that it separately weighed the pretrial delay in this case was uncommonly long .To the extent the [superior] court overlooked this factor in the four-part balancing process, it erred." *Ruffin*, 284 Ga. at 59 (2) (b) (i). See *Kemp*, 314 Ga. App. at 330 (2) (a). "However, inasmuch as the trial court has effectively weighed this factor in appellant's favor, it did not abuse its discretion." *Brewington v. State*, 288 Ga. 520, 522-523 (3) (b) (i) (705 SE2d 660) (2011)

long and is thus weighed against the State. See *Hill v. State*, 315 Ga. App. 833, 836 (2) (a) (729 SE2d 1) (2012) (21-month pretrial delay was uncommonly long and should be weighed against the State).

> *The reason for the delay.* Under this factor, courts must determine
>
> whether the government or the criminal defendant is more to blame for the delay. Deliberate delay to hamper the defense weighs heavily against the prosecution. More neutral reasons such as negligence or overcrowded courts weigh less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. In contrast, delay caused by the defense weighs against the defendant.

(Punctuation omitted.) *Jakupovic v. State*, 287 Ga. 205, 206 (1) (b) (695 SE2d 247) (2010). The trial court found that it was unable to assign an overriding reason for the delay, but noted that the State's inability to charge Crosson correctly in the first indictment, and its failure to aggressively push for trial contributed to the delay. It also found that Crosson contributed to the delay by dismissing her appointed counsel, filing numerous pro se motions, including a motion to disqualify the trial judge, and motion to stay the trial pending her appeal. It further noted that the December 2010 withdrawal of her speedy trial motion "would have suggested to the State that [Crosson] was not insistent on moving the case quickly to trial and may have caused

6

it to relax a bit when the better course would have been to move forward." The State's "inability to draft a proper indictment" was found to be a negative, but benign factor. As the trial court found, and we agree, although some of the delay could be attributed to Crosson, "more blame can be placed on the State." We also agree with the trial court that nothing in the record supports an inference "that the State has deliberately attempted to delay the trial in order to hamper the defense, a serious abuse that would be weighted against the State." *Boseman v. State*, 263 Ga. 730, 732 (1) (b) (438 SE2d 626) (1994).

Although Crosson contends that the trial court erred in considering the reason for the delay benign because the State intentionally delayed the process until it "could figure out how to charge [her]," the record does not support her contention. Consequently, we cannot say that the superior court abused its discretion in finding that the second factor, though weighed more against the State, was benign. See *Perry v. Mitchell*, 253 Ga. 593, 594 (322 SE2d 273) (1984).

*The defendant's assertion of the right to a speedy trial.* Crosson filed her demand for speedy trial under OCGA § 17-7-170 on December 2, 2010 and withdrew it on December 2, 2010. She filed two other statutory speedy trial demands pro se on January 19, 2011 and January 24, 2011 while she was represented by counsel. The

7

demands were not served upon the State. The trial court granted her attorney's motion to withdraw as counsel on January 25, 2011, after which, on April 8, 2011, Crosson filed a third pro se statutory demand for speedy trial. The motion apparently was not served on the State.

The relevant question regarding how to weigh this factor is whether she asserted the right " 'in due course.' This requires a close examination of the procedural history of the case with particular attention to the timing, form, and vigor of the accused's demands to be tried immediately." (Citation omitted.) *Ruffin*, supra, 284 Ga. at 63 (2) (b) (iii).

The court found that Crosson's actions contributed to the delay in that she withdrew her November 2010 request for speedy trial, then while represented by counsel, filed two requests that the State was not served with. The trial court concluded that her actions contributed to the first six months of the delay and "should not be charged heavily against the State." The accused bears the responsibility for putting the government on notice [s]he does not want a delay, and failure to do so weighs strongly against [her]. *Frazier v. State,* 277 Ga. App. 881, 882 (c) (627 SE2d 894) (2006). Thus, the trial court did not err in finding that the first six months of the delay would not be weighed heavily against the State.

8

*Prejudice to the defendant.* The trial court found that Crosson had not been prejudiced from the delay of the trial. Per *Barker*, supra, the constitutional right to a speedy trial is designed to protect three interests, " 'the last being the most important: (a) to prevent oppressive pretrial incarceration; (b) to minimize anxiety and concern of the accused; and (c) to limit the possibility that the defense will be impaired." (Citations and punctuation omitted.) *Williams v. State*, 279 Ga. 106, 109 (1) (d) (610 SE2d 32) (2005).

Crosson argues on appeal that she faced oppressive pre-trial incarceration and that the 16-month delay "failed to minimize [her] anxiety and concern. It was stipulated at the hearing that Crosson spent a total of 104 days incarcerated in the Dawson County jail. Crosson contends that the trial court ignored the months she spent in either the Dawson County jail or the Gwinnett County jail and ignored the "constant detainer" that "remained over [her] head" even after she was out on bond which created anxiety and concern.

Pretermitting whether that time constituted "oppressive pretrial incarceration," Crosson has failed to show that she suffered undue anxiety or concern attendant to that incarceration. Anxiety and concern of the accused are "always present to some extent, and thus absent some unusual showing are not likely to be determinative in

9

defendant's favor." *Boseman v. State*, 263 Ga. 730, 733 (1) (d) (438 SE2d 626) (1994). Additionally, Crosson offered no evidence as to the specific manner in which her defense was impaired, "the most important prejudice component of the speedy trial equation." Id. at 734 (2). Here, the trial court was entitled to balance the prejudice factor in favor of the State.

In weighing all of the *Barker* factors, we hold that the trial court did not abuse its discretion in finding that Crosson was not denied her Sixth Amendment right to a speedy trial. See *Simmons v. State*, 290 Ga. App. 315, 317 (5) (659 SE2d 721) (2008).

*Judgment affirmed. Adams, and McFadden, JJ., concur*.