## A06A1890. LACKEY v. THE STATE.
### (640 SE2d 717)

ANDREWS, Presiding Judge.

John Darren Lackey appeals from the trial court's denial of his plea in bar and demand for acquittal. Lackey filed the plea in bar on the grounds that his constitutional right to a speedy trial had been violated. For the following reasons, we find no error and affirm.

Lackey was indicted on March 27, 2003, and charged with aggravated battery, aggravated assault, and cruelty to children. The record shows that Lackey filed a motion for continuance on December 12, 2003, stating that neither he nor the State would be ready for trial and requesting a continuance until March or April 2004. Although the case was on trial calendars for the weeks of April 19, 2004, May 29, 2004, December 6, 2004, January 3, 2005, September 26, 2005, and October 24, 2005, it never went to trial.

Finally, the case was specially set for May 8, 2006, due to the need to schedule expert witnesses.

On April 11, 2006, Lackey filed the plea in bar and demand for acquittal, asserting a violation of his constitutional right to a speedy trial.

> The Sixth Amendment to the United States Constitution provides that the accused has a right to a speedy trial in a criminal prosecution. The test for determining whether that right has been violated is set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), which provides that four factors are taken into consideration: length of the delay; reason for the delay; defendant's assertion of the right to a speedy trial; and prejudice to the defense. *Boseman v. State*, 263 Ga. 730, 731 (438 SE2d 626) (1994). None of the factors are regarded as necessary or sufficient to finding deprivation of the right to a speedy trial, but rather "the factors should be considered together in a balancing test of

the conduct of the prosecution and the defendant." (Citation omitted.) Id. On appeal, "(t)he question is whether the trial court abused its discretion in ruling that [defendant's] speedy trial rights were violated." *State v. Redding*, 274 Ga. 831, 832 (561 SE2d 79) (2002).

*State v. Giddens*, 280 Ga. App. 586, 587 (634 SE2d 526) (2006).

In looking at the first factor, length of the delay, the record shows that the length of time between indictment and the specially set trial was approximately 37 months. But, Lackey asked for a continuance of several months after the case was first set for trial. Further, although the record shows that the case was set for trial numerous times after the motion for continuance, there is nothing in the record showing why it never went to trial. In any event, the trial court held that the delay was presumptively prejudicial. See, e.g., *Scandrett v. State*, 279 Ga. 632, 633 (619 SE2d 603) (2005) (A delay which approaches one year is generally deemed to be presumptively prejudicial.).

With regard to the second factor, reason for the delay, because the delay was unexplained, it is presumed that failure to bring the case to trial was caused by the negligence of the State. See *Boseman*, supra at 733 ("Where no reason appears for a delay, we must treat the delay as caused by the negligence of the State in bringing the case to trial."). But, although a deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government, here, there is no evidence that the State intentionally delayed the trial to impair Lackey's defense. *Ingram v. State*, 280 Ga. App. 467, 469 (634 SE2d 430) (2006).

The third factor is the defendant's assertion of his right to a speedy trial. In the instant case, Lackey did not assert the right until he filed the plea in bar, immediately before his case was specially set for trial. Accordingly, this delay is weighed against Lackey. See *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001) ("It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant.").

The last factor is whether the defense has been prejudiced by the delay. Lackey's only claim of prejudice is that two of the witnesses on the State's list have changed jobs and addresses and he cannot locate them.

At the hearing, the prosecutor informed the court that she would update the witness list that day with current information and "[i]f those are the only reasons that he's claiming prejudice[,] there's no prejudice, Your Honor." Moreover, the trial judge informed defense counsel that one of the witnesses, a doctor, was now at Augusta

Medical Center. Therefore, because it appears that these witnesses can be found should Lackey wish to do so, we conclude that Lackey cannot show any actual prejudice due to the delay.

Balancing the above factors, we note first that Lackey waited over 36 months before asserting his right to a speedy trial. This failure to assert the right to a speedy trial makes it difficult for him to prove any constitutional violation. *Barker,* supra at 532. That, together with the fact that Lackey has suffered no impairment to his defense and therefore can show no actual prejudice, lead to the conclusion that the trial court did not abuse its discretion in denying Lackey's plea in bar. *Boseman,* supra at 734.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 29, 2006.

*John W. Donnelly,* for appellant.

*Kenneth W. Mauldin, District Attorney, Leslie S. Jones, Assistant District Attorney,* for appellee.