## A11A0214. THE STATE v. HARTSFIELD.
(711 SE2d 1)

McFADDEN, Judge.

The state appeals the order granting Eugene Hartsfield's motion to dismiss the indictment against him for violation of his constitutional right to a speedy trial. Because some of the trial court's findings of fact are not supported by the record and the trial court erred in concluding that the reason for the delay was "far from benign," we vacate the trial court's order and remand the case for reconsideration.

Hartsfield was arrested on April 16, 2005. He was indicted on April 14, 2009, for aggravated battery, aggravated assault, and three counts of violation of oath by a public officer. The case was placed on a trial calendar in July 2010, but on July 30, 2010, Hartsfield filed a motion to dismiss the indictment for violation of his right to a speedy trial under the state and federal constitutions. The trial court granted the motion on August 6, 2010, and the state filed this appeal.

1. The template for deciding all constitutional speedy trial claims is laid out in *Barker v. Wingo,* 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) and *Doggett v. United States,* 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008). The analysis has two stages.

> In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation[,] whichever comes first[,] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

(Citations, punctuation and footnote omitted.) *Ferguson v. State*, 303 Ga. App. 341, 342 (693 SE2d 578) (2010).

The four factors to be considered in the case of presumptively prejudicial delay are (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. *State v. Redding*, 274 Ga. 831, 831-832 (561 SE2d 79) (2002). We review the trial court's decision under an abuse of discretion standard. Id. And we defer to the trial court's findings of fact and its weighing of disputed facts. *State v. White*, 282 Ga. 859,

861 (2) (655 SE2d 575) (2008). However,

> where the trial court has clearly erred in some of its findings of fact and/or has misapplied the law to some degree, the deference owed the trial court's ultimate ruling is diminished. Moreover, . . . it is imperative that in cases implicating a defendant's constitutional right to speedy trial, the trial court enter findings of fact and conclusions of law consistent with *Barker*. Absent such findings, there is no exercise of discretion for this Court to review, and the trial court's order must be vacated and the case remanded for the entry of a proper order pursuant to *Barker*.

(Citations and punctuation omitted.) *State v. Porter*, 288 Ga. 524, 533 (2) (e) (705 SE2d 636) (2011).

(a) The state concedes that the length of the delay, more than 63 months from Hartsfield's arrest to the trial court's grant of his motion to dismiss, is presumptively prejudicial. See *Brannen v. State*, 274 Ga. 454 (553 SE2d 813) (2001) (52-month delay is presumptively prejudicial); *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994) (as the delay approaches one year, it is generally presumptively prejudicial). The trial court therefore properly proceeded to apply the *Barker* factors in the second stage of the analysis.

(b) After determining that the delay is presumptively prejudicial so as to trigger application of the four factors of *Barker*, the length of delay must be reconsidered as the first factor. *Ruffin*, supra at 56-57 (2) (b) (i). "This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify." (Citation and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (a) (680 SE2d 182) (2009). Given the 63-month delay between Hartsfield's arrest and the ruling on his motion to dismiss, the first *Barker* factor weighs in Hartsfield's favor and against the state, as the state concedes and as the trial court impliedly found. See *State v. Moses*, 301 Ga. App. 315, 318 (2) (a) (692 SE2d 1) (2009) (holding the slightly more than four-year delay far exceeded the one-year benchmark for presumptive prejudice and thus weighed against the state).

(c) As for the second *Barker* factor, the reason for the delay, the state concedes that it is responsible for the delay. Observing that the state offered no reason whatsoever for the delay, the trial court found that the delay was caused by the state's "neglect." Although the court found no evidence of good faith on the part of the state, it found no evidence of bad faith, either. Yet it concluded that the reason for the delay was "far from benign." However, "[w]here no reason appears for a delay, we must treat the delay as caused by the

negligence of the [s]tate in bringing the case to trial." *Boseman v. State*, supra at 733 (1) (b). And "if the delay attributable to the state's preparation of its case is not deliberate but is negligent, it is weighted as a 'relatively benign' factor against the state." *Jackson v. State*, 272 Ga. 782, 784 (534 SE2d 796) (2000). The trial court thus erred in characterizing the reason for the delay as "far from benign" instead of "relatively benign."

(d) The third *Barker* factor is the defendant's assertion of the right to a speedy trial. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citation and punctuation omitted.) *Brannen,* supra at 456. Hartsfield's case was placed on a trial calendar in July 2010. He filed his motion to dismiss the indictment on July 30, 2010, more than 63 months after his April 16, 2005 arrest and more than 15 months after his April 14, 2009 indictment. See *Jackson v. State*, 279 Ga. 449, 453 (614 SE2d 781) (2005) (nineteen-month delay in asserting constitutional speedy trial rights weighs against the defendant). See also *Ruffin*, supra at 64 (appellant must be "dogged" in the assertion of his speedy trial rights).

The court acknowledged that Hartsfield did not assert his right until the eve of trial. But, it found, Hartsfield's late demand was mitigated by several considerations. See *Moses*, supra at 319 (2) (c) (circumstances can mitigate a defendant's delay in asserting his right to trial).

One factor the trial court considered to be mitigating was the delay in appointing defense counsel. Hartsfield testified at the hearing on his motion to dismiss that he did not qualify for a public defender when he was arrested, and he therefore hired an attorney. After making one payment, he could no longer afford to pay the attorney. Yet there was no evidence presented that at that time, he qualified for appointed counsel. Once he was indicted in April 2009, he was suspended from his job without pay and then fired. Counsel was appointed in October 2009. The trial court omitted any discussion of these facts when it concluded that the delay in appointing counsel mitigated Hartsfield's delay in his asserting his right to a speedy trial. A delay in appointing counsel cannot be weighted in favor of the defendant if counsel is appointed promptly after it is determined that the defendant is entitled. See *Robinson v. State*, 287 Ga. 265, 267 (1) (b) (695 SE2d 201) (2010). See also *Henderson v. State*, 290 Ga. App. 427, 430 (1) (c) (662 SE2d 652) (2008).

Further, once appointed, counsel did not file the motion to dismiss the indictment for nine months, a delay, which in and of itself, could be weighted strongly against Hartsfield. *Jones v. State*, 284 Ga. 320, 324 (2) (667 SE2d 49) (2008) (nine-month delay in

asserting right weighed against defendant). See also *Robinson*, supra at 268-269 (1) (c). Counsel's failure to act is attributed to Hartsfield. Id. at 268 (1) (b).

The trial court apparently mitigated appointed counsel's delay in moving to dismiss the indictment by the fact that he faced a sudden increased workload when the other attorney assigned to the courtroom was placed on interim suspension by the State Bar of Georgia. However, there was no testimony at the hearing on the motion to dismiss regarding defense counsel's workload. The court erred in making this finding of fact and should not have considered it in mitigation of Hartsfield's delay in asserting his right to trial. See *Porter*, supra at 529 (2) (c) (4).

The trial court also found in mitigation of Hartsfield's delay in asserting his right that the state did not provide defense counsel with an updated witness list until July 16, 2010, and for defense counsel to "invok[e] a demand for a speedy trial blindly would be foolhardy." But Hartsfield asserted no connection between the state's delay in providing an updated witness list and his delay in asserting his rights. See *Williams v. State*, 300 Ga. App. 797, 798 (c) (686 SE2d 407) (2009) (no connection between the state's failure to respond to defendant's discovery requests and defendant's failure to assert her rights). The court thus erred in considering this in mitigation. See id.

The court also considered in mitigation that Hartsfield personally wrote the court, in either March or May of 2010, seeking a rapid resolution of the case. Hartsfield never offered the letter into evidence at the hearing on the motion to dismiss, and it does not appear in the appellate record. Therefore, the court's finding is not supported by the record, *Porter*, supra at 529 (2) (c) (4), and the court should not have considered it in mitigation of Hartsfield's delay in asserting his right to trial.

(e) The trial court weighted the final *Barker* factor, prejudice to the defense, in favor of Hartsfield. When evaluating the prejudice factor in the speedy trial analysis, courts must consider the "three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

Hartsfield did not suffer oppressive pretrial incarceration, as he spent only several nights in jail. Concerning his anxiety and concern, he testified that because of his arrest he was suspended with pay but lost the opportunity to be promoted and to work overtime. Once he was indicted, he was suspended without pay and then terminated from his job.

As for the most important third factor, see *Nelloms*, supra at

181, the trial court found that the delay impaired Hartsfield's defense because he was without counsel for almost the entire time from the date of his arrest until he appeared at arraignment on October 22, 2009. Therefore, he lacked professional assistance to investigate his case. The court found that Hartsfield's "ability to track down [witnesses to the incident] has been severely hampered by the passage of time during which [Hartsfield] had no counsel to prepare his case and protect his interests." This factual finding is not supported by the record. Hartsfield offered no evidence that he was unable to locate witnesses because of the delay. See *Porter*, supra at 529 (2) (c) (4). Accordingly, there was no basis for the trial court to conclude that Hartsfield's defense was impaired because of counsel's difficulty in locating witnesses.

(f) In sum, the trial court erred in concluding that the reason for the delay was "far from benign" when considering the second *Barker* factor; it improperly considered circumstances in mitigation of Hartsfield's delay in asserting his right when considering the third *Barker* factor; and it made improper factual findings in regard to the impairment-of-defense component of the fourth *Barker* factor. Therefore, the trial court could not properly balance the *Barker* factors. *Porter*, supra at 533 (2) (e). We thus vacate the order granting Hartsfield's motion to dismiss and remand for the trial court to reconsider Hartsfield's speedy trial claim "using properly supported factual findings and the correct legal analysis." Id. at 534 (2) (e).

2. Hartsfield's motion to dismiss this appeal on the ground that the state's brief did not comply with the rules of this Court is hereby denied. See OCGA § 5-6-30.

*Judgment vacated and case remanded. Phipps, P. J., and Andrews, J., concur.*

DECIDED MARCH 24, 2011.

*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Stephany J. Luttrell, Assistant District Attorneys*, for appellant.
*Brian A. Hobbs*, for appellee.