A11A1995. LEVERETT v. THE STATE.
(722 SE2d 418)

McFADDEN, Judge.

Mack Leverett appeals the order denying his motion to dismiss the indictment against him for violation of his constitutional right to a speedy trial. Because we conclude that the trial court did not abuse its discretion in weighing the relevant factors for determining whether there has been a constitutional speedy trial violation, we affirm.

Leverett was arrested on September 5, 2008. He was charged with possession of marijuana with intent to distribute and obstructing or hindering a law enforcement officer. Although the case appeared for trial in June 2010, it was not reached then. The case again was called for trial in July 2010, but defense counsel indicated a need for time to file additional motions, so the case was not tried. The case appeared on the August 2010 trial calendar, when the trial court heard the earlier filed motions, but it was not reached for trial. Leverett consented to a continuance from September through November 2010 because a state's witness was unavailable due to family medical leave.

The case was scheduled for trial in January 2011, but the courts were closed because of inclement weather. The case was called for trial on February 7, 2011, but Leverett had retained new counsel who

had a conflict, the trial of another case. The case was called for trial on February 14, 2011, but defense counsel's conflicting trial had not ended. The case was specially set for trial on March 7, 2011; it was not tried then because Leverett filed this motion, the first time he raised the issue of his right to a speedy trial, and the court stayed the proceedings pending Leverett's appeal of the denial of the motion to dismiss.

The template for deciding all constitutional speedy trial claims is laid out in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (112 SC 2686, 120 LE2d 520) (1992). *Ruffin v. State*, 284 Ga. 52, 55 (2) (663 SE2d 189) (2008). The analysis has two stages.

> In the first stage of the analysis, the court must determine whether the pretrial delay is sufficiently long to be considered presumptively prejudicial. The pretrial delay is measured from the accused's arrest, indictment, or other formal accusation[,] whichever comes first[,] to the trial or, if the accused files a motion to dismiss the indictment, until the trial court denies the motion. If the delay has passed the point of presumptive prejudice, the court must proceed to the second step of the *Barker-Doggett* analysis, which requires the application of a delicate, context-sensitive, four-factor balancing test to determine whether the accused has been deprived of the right to a speedy trial.

(Citations and punctuation omitted.) *Ferguson v. State*, 303 Ga. App. 341, 342 (693 SE2d 578) (2010). The four factors to be considered in the case of presumptively prejudicial delay are (a) the length of the delay, (b) the reason for the delay, (c) the defendant's assertion of his right, and (d) the prejudice to the defendant. *State v. Redding*, 274 Ga. 831, 831-832 (561 SE2d 79) (2002). We review the trial court's decision under an abuse of discretion standard. Id. at 832. And we defer to the trial court's findings of fact and its weighing of disputed facts. *State v. White*, 282 Ga. 859, 861 (2) (655 SE2d 575) (2008).

1. The state concedes that the length of the delay, more than 30 months from Leverett's September 5, 2008, arrest to the trial court's March 7, 2011, denial of his motion to dismiss, is presumptively prejudicial. See *Ward v. State*, 311 Ga. App. 425, 428 (1) (715 SE2d 818) (2011) (finding 30-month delay presumptively prejudicial). See also *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994) (as the delay approaches one year, it is generally presumptively prejudicial). The trial court therefore properly proceeded to apply the *Barker* factors in the second stage of the analysis.

2. (a) After determining that the delay is presumptively preju-

dicial so as to trigger application of the four factors of *Barker*, the length of delay must be reconsidered as the first factor. *Ruffin*, 284 Ga. at 56-57 (2) (b) (i). "This is because uncommonly long delays have a tendency to compromise the reliability of trials in ways that neither party can prove or, for that matter, identify." (Citation and punctuation omitted.) *Hayes v. State*, 298 Ga. App. 338, 341 (2) (a) (680 SE2d 182) (2009).

Acknowledging that "there has been a substantial delay between the time of initial arrest and the time of arraignment and the time the case came on for trial," the trial court weighed this factor against the state. The trial court did not abuse its discretion. See *Ward*, 311 Ga. App. at 428 (2).

(b) As for the second *Barker* factor, the reason for the delay, the trial court found that both the state and Leverett contributed to the delay, a finding supported by the record. And because "[t]here is no evidence the state deliberately attempted to delay the trial in order to hamper the defense[,] [t]o the extent a portion of the delay can be attributed to the state, it is relatively benign." (Citation and punctuation omitted.) *Carraway v. State*, 263 Ga. App. 151, 154 (2) (587 SE2d 152) (2003).

(c) The third *Barker* factor is the defendant's assertion of the right to a speedy trial. "It is the defendant's responsibility to assert the right to trial, and the failure to exercise that right is entitled to strong evidentiary weight against the defendant." (Citations and punctuation omitted.) *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001).

> [A] defendant may assert his constitutional right to a speedy trial at any time after he is arrested; he need not wait until indictment. However, once his constitutional right accrues, the defendant has the responsibility to assert it, and delay in doing so normally will be weighed against him.

(Citation omitted.) *State v. Pickett*, 288 Ga. 674, 676 (2) (c) (3) (706 SE2d 561) (2011).

The trial court found that Leverett was arrested on September 5, 2008, but did not file his motion to dismiss on speedy trial grounds until March 7, 2011. The trial court therefore weighed this factor against Leverett. The trial court did not abuse its discretion. *Zeger v. State*, 306 Ga. App. 474, 478 (3) (702 SE2d 474) (2010) (20-month delay in asserting right "is entitled to strong evidentiary weight against the defendant") (citation and punctuation omitted). See also *Ruffin*, 284 Ga. at 64 (2) (b) (iii) (appellant must be "dogged" in the assertion of his speedy trial rights).

Leverett argues that any failure of his original appointed counsel to file a demand for trial should not be weighed against him. See *State v. Moses*, 301 Ga. App. 315, 320 (2) (c) (692 SE2d 1) (2009) (circumstances can mitigate a defendant's delay in asserting his right to trial). But counsel's failure to act is attributed to Leverett. *State v. Hartsfield*, 308 Ga. App. 753, 756 (1) (d) (711 SE2d 1) (2011).

(d) The trial court weighed the final *Barker* factor, prejudice to the defense, against Leverett. When evaluating the prejudice factor in the speedy trial analysis, courts must consider the "three interests which the speedy trial right is designed to protect: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the defendant, and, most importantly, limiting the possibility that the defense will be impaired." (Citation omitted.) *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001).

The trial court found that Leverett did not suffer oppressive pretrial incarceration, as he was out on bond, a finding that Leverett does not challenge. Leverett argues that he suffered great anxiety and concern from the delay, as demonstrated by his decision to retain appellate counsel in spite of his limited financial resources. The trial court found, however, that there was no testimony or other evidence presented at the hearing regarding undue anxiety or concern, a finding supported by the record. See *State v. Porter*, 288 Ga. 524, 529-530 (2) (c) (4) (705 SE2d 636) (2011).

As for the most important third factor, see *Nelloms*, 274 Ga. at 181, Leverett argues that his defense is impaired because certain video footage is now unavailable. He asserts that a police officer used the footage to confirm a bystander's account that the man the officer was seeking on the obstruction charge left the scene in a red Jeep. Leverett testified at the hearing on the motion to dismiss that his former attorney told him that the video was not relevant.

He also argues that his defense is impaired because he cannot contact certain witnesses, the three passengers of the Jeep he was driving in which the marijuana was found. Leverett testified that he only knew one passenger by nickname, his son's friend, and that the passengers' names were not listed in the discovery provided by the state. He testified that it is not possible for him to determine who was in his back seat. He argues that the passengers now cannot be made available to testify about who actually owned the marijuana found in the Jeep. At the hearing, he argued that these witnesses are crucial to his equal access argument.

In determining that the prejudice factor weighs against Leverett, the trial court found that Leverett failed to show any diligence in identifying the witnesses he says could assist him, and he made no offer of proof of what the witnesses would testify or how their testimony would be favorable. The trial court also found that

Leverett did not show that he made any effort to obtain the video footage. The trial court's factual findings are supported by the record. See *Porter*, 288 Ga. at 530 (2) (c) (4). Accordingly, the trial court did not abuse its discretion in concluding that the delay did not impair Leverett's defense. See *Bowling v. State*, 285 Ga. 43, 47 (1) (673 SE2d 194) (2009) ("Given [defendant's] generalized complaints regarding his witness . . . without any real showing of harm to his defense, it cannot be said that the trial court erred in discounting his claims.") (citation omitted).

In sum, the delay in bringing Leverett to trial

> is outweighed by the facts that [Leverett] suffered little actual prejudice to [his] defense, suffered no unduly oppressive pretrial incarceration and waited a significant amount of time before asserting [his] right to a speedy trial. Under these circumstances, the trial court did not abuse its discretion by rejecting [Leverett's] claim that [his] constitutional speedy trial rights had been violated.

(Citations omitted.) *Carder v. State*, 312 Ga. App. 61, 67 (2) (e) (717 SE2d 661) (2011).

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Hall & Hirsh, Daniel M. Hirsh*, for appellant.
*Daniel J. Porter, District Attorney, Elizabeth L. Chancey, Assistant District Attorney*, for appellee.